IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM J. LUNDSFORD**                                                              **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO.: 1:09cv617-JMR**

**CAPTAIN TINGLE OF STONE COUNTY JAIL,**
**AND SERGEANT. S. SMITH OF STONE COUNTY JAIL**                   **DEFENDANTS**

_____

**MEMORANDUM OPINION**
_____

This matter comes before the Court on Defendant S. Smith's Motion [36-1] to Dismiss filed May 23, 2011.Defendant's motion to dismiss is accompanied by a Memorandum [37-1] in Support Thereof. Plaintiff filed a Response [42-1] in Opposition to Defendant's motion on June 23, 2011. Thereafter, Defendant filed a Rebuttal [46-1] to the Plaintiff's response on July 18, 2011. The Court being fully advised in the premises, and after a full review and consideration of the record, the parties' submissions, the pleadings on file and the applicable law, finds that the Defendant's Motion [36-1] should be granted. Accordingly, Plaintiff's claims against Defendant S. Smith should be dismissed without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, William Lundsford, filed the instant Complaint [1-1] on August 7, 2009. On the same day, Lundsford filed a Motion [2-1] for Leave to Proceed in forma pauperis and a Motion [3-1] for Process of Service Be Effected by United States Marshals Service. Lundsford's Motion [3-

1] requested service be effected on the two named Defendants by a United States marshal pursuant to FED. R. CIV. P. 4(c)(2). On September 29, 2009, Lundsford filed a Response [9-1]to an Order by the Court providing his new address as well as the addresses of the named Defendants. The Court granted Lundsford's Motion [2-1] for Leave to Proceed in forma pauperis on October 22, 2009 and by Order directed the Clerk to issue process to Defendants P. Tingle and and S. Smith with the United States Marshal Service ("USMS") to serve same. The summons were issued by the Clerk the next day on October 23, 2009, and on October 26, 2009, though the USMS had previously been directed to serve process upon both named Defendants, the Court entered an Order granting Lundsford's Motion [3-1] for process to be effectuated by the USMS.

On November 17, 2009, a Process Receipt and Return was filed showing that process had been served on Defendant P. Tingle. However, on that same day, entry [17] reflected that USMS had returned the Process Receipt and Return for S. Smith as unexecuted. Thereafter, Lundsford filed a Motion [23] for Extension of Time to File a Response to a Court Order to show cause on February 23, 2010, replied to a show cause order on November 19, 2010, filed an Emergency Motion [30-1] for Enlargement of Time to Obtain Counsel on February 16, 2011, attended two omnibus hearings before the Court on February 16 and April 19 of 2011 and filed a Response [41-1, 42-1] to Defendant Tingle's Motion [38-1] for Summary Judgment and Defendant Smith's present Motion [36-1] to Dismiss.

Defendant Smith filed his Motion [36-1] to Dismiss and accompanying Memorandum [37-1] in Support Thereof on May 23,2011. Smith argues that because Lundsford has not properly served process within the 120 day limit imposed by FED. R. CIV. P. 4(m), the claims raised against Defendant Smith should be dismissed for insufficiency of process, insufficient service of process, and lack of personal jurisdiction. Mot. [36-1] 2.

## ANALYSIS

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If a Plaintiff can show good cause for failing to serve a defendant, the court must allow additional time to effect service. *Id.* However, when a Plaintiff proceeds in forma pauperis, he "is entitle to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshall's Service to properly effect service of process" with one caveat: "where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Plaintiff is "aware of possible defects in service of process, he must attempt to remedy them." *Ellibee v. Leonard*, 226 Fed. Appx. 351, 358 (5th Cir. 2007). The Fifth Circuit has stated that while a plaintiff proceeding in forma pauperis may rely on the USMS, "a plaintiff may not sit silent and do nothing . . . [a]t a minimum, a plaintiff should . . . attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon*, 828 F.2d at 1110.

As evidenced by his Motion [2-1], and as he was informed by Order of this Courts on October 26, 2009, Lundsford was aware of FED. R. CIV. P. 4 and his rights and obligations thereunder as a plaintiff proceeding in forma pauperis, including his right to have the USMS serve process. Lundsford was entitled to take full of advantage of those rights and properly rely upon the USMS but was under an obligation "to attempt to remedy any apparent defects of which" he had knowledge. *Id.* On November 17, 2009, a docket entry [17] reflects that service was returned unexectued on Defendant Smith by the USMS. On or about this date, Lundsford had knowledge of an apparent defect in service. According to the receipt filed, the USMS official noted that no one by that name was employed at the address supplied by Lundsford.

Over approximately the next year and a half, Lundsford did not attempt to remedy the defect

in service or bring the defect to the attention of the Court. In this time, Lundsford has answered two Orders to Show Cause entered by this Court, has appeared at two Omnibus Hearings and filed an Emergency Motion [30-1] for Enlargement for Time to Obtain Counsel that was granted at the first omnibus hearing. Furthermore, Lundsford did not attempt to remedy the problem in his Response [42-1] to Defendant Smith's motion to dismiss. In short, Lundsford's failure to address the defect cannot be attributed to a lack of access to the Court.

Lundsford's initial Complaint [1-1] was filed on August 7, 2009. Pursuant to Rule 4(m), service was to be effected by Lundsford before December 5, 2009. As of the date Defendant filed the present motion to dismiss, 654 days have passed without proper service, well past the 120 day deadline imposed by Rule 4(m). Furthermore, at the time of filing of the Defendant's motion to dismiss, Lundsford had notice of the defect for 552 of those days. During that time, Lundsford had relatively unrestricted access to the Court, had been present before the Court at two omnibus hearings and has failed to attempt to cure or even present the known defect to the Court.

The 120-day period for proper service under Rule 4(m) has expired. Lundsford received notice of the defect on November 17, 2009 and never presented the defect to this Court or attempted to cure the defect despite unfettered access to the Court and an abundance of opportunities to do so. As a result, the Court finds that the failure to effect proper service is due not to the USMS but to the inaction and dilatoriness of Lundsford. Accordingly, Defendant Smith's Motion [36-1] is granted and Lundsford's claims with regard to Defendant Smith are dismissed without prejudice.

## CONCLUSION

After considering the evidence in the record along with all applicable and relevant law, the Court concludes that the Defendant's Motion [36-1] to Dismiss should be granted and that all claims against the Defendant Smith are to be dismissed without prejudice.

THIS the __16th__ day of August, 2011.

                                               _s/ John M. Roper, Sr._

                                               CHIEF UNITED STATES MAGISTRATE JUDGE